# CARTER v. THOMPSON REALTY CO.

(No. 2225; November 24, 1942; 131 Pac. (2d) 297)

For the plaintiff in error, there was a brief and oral argument by *Lin I. Noble* of Thermopolis.

For the defendant in error, there was a brief by *Ingle and Ingle* of Thermopolis, and oral argument by *C. R. Ingle.*

RINER, Chief Justice.

This cause is brought here by proceedings in error to review a judgment of the district court of Hot Springs County. In that court the Thompson Realty Company was plaintiff, and for convenience will either be so designated hereinafter or as the "Realty Company". C. Dana Carter was the defendant in the action, and he will be mentioned subsequently as such or by his surname.

The action, to summarize it briefly, was in the nature of ejectment, for the recovery of, possession of and damages for withholding the real property involved; also to have plaintiff declared the owner of said premises, to have his title quieted thereto and at the same time cleared by the cancellation of a certain County Commissioners' deed asserted by plaintiff to be void and which had been issued to the defendant, and also to have plaintiff's redemption of said property from a

certain tax sale, presently to be referred to, duly confirmed.

The real property in question was taxed in the name of the plaintiff during the period covered by the tax proceedings attacked here. The Realty Company appears to have been the record owner named on the county assessment roll. The premises were sold on July 11, 1932, to Hot Springs County for non-payment of the 1931 general taxes. The certificate of purchase referred to in the record as "C598" was pursuant to such sale issued to the County. The premises appear to have remained in County ownership until September 7, 1937. On that date the Board of County Commissioners of Hot Springs County undertook to sell said property to Carter, and in accordance with such sale directed the issuance to him of a Commissioners' Quitclaim Deed of that date.

Four days later, to-wit, on September 11, 1937, the Realty Company aforesaid undertook to redeem its property thus sold and paid the Treasurer of the County of Hot Springs the sum demanded by him for that purpose, this sum being "the amount of taxes owing" and subsequent delinquent taxes. Certificate of Redemption No. 2172 was accordingly issued by this official to the Realty Company on the day last mentioned.

By its judgment rendered upon trial of the action before the court without a jury, the court found that certain taxes and moneys had been paid by Carter upon a subsequent tax certificate of purchase issued to him. The amount of money expended for these matters was found by the Court in its judgment aforesaid to be the total sum of $38.30. The Court further found in its judgment that the plaintiff's damages for the withholding of the premises from the plaintiff by the defendant were $67.68. Setting off the sum first mentioned against the last mentioned amount resulted in

the sum of $29.38, which plaintiff was adjudged to be entitled to recover from the defendant.

There was a general finding by the district court in favor of the plaintiff, and there were additional findings that the Commissioners' Deed aforesaid was void for the reason that the Commissioners had no valid title to the property and hence they could not legally transfer it; that plaintiff was entitled to redeem the property, and it was also found that the redemption thereof, heretofore mentioned, was legal, the certificate to that effect valid and that plaintiff should have a judgment quieting his title against all claims on the part of the defendant. It is this judgment which this court is asked to review.

The pertinent portion of Section 1 of Chapter 70, Laws of Wyoming, 1937, approved February 20, 1937, reads:

"Any person being the owner or entitled to redeem real property sold for delinquent taxes may at any time prior to January 1, 1938, redeem said real property sold for delinquent taxes, in all cases where the county was the purchaser at the tax sale and is still the owner of said real property or the certificate of purchase thereof, by paying to the said county treasurer, or to the board of county commissioners, an amount equal to the delinquent taxes only, including the amount for which said property was sold and all subsequent delinquent taxes, said amount being exclusive of accumulated interest, penalties and costs. In all cases where the delinquent taxes are paid as herein provided the county treasurer shall immediately issue to the owner of said property, or the person entitled to redeem the same, a certificate of redemption."

This statute by Section 2 thereof applied "only to tax sales made prior to January 1, 1938," and provided that the Act should not in any way affect delinquent tax sales after that date. The law was to take effect and be in force from and after its passage.

We shall assume that the County aforesaid was in fact the owner of the property, although the Realty Company asserts that the County never legally received title to the premises involved. We do not find it necessary to determine the matter, entertaining the views to be presently announced.

It is insisted, as we understand the contention of the parties, that there was a misjoinder of the causes of action in plaintiff's petition, it being urged for the defendant Carter that plaintiff could not properly join an equitable action to remove a cloud upon the title to the property with a legal action to recover possession and other relief to clear up the title. In this, under the circumstances disclosed by the record before us, we think he is mistaken.

Citing a number of cases 51 C. J. 229, Section 171, declares that:

"But an equitable action to remove a cloud may be joined with a legal action to recover possession when both affect the same parties and the same property * * * *."

In Delfelder v. Teton Land & Investment Co., 46 Wyo. 142, 217, 218, 24 P. (2d) 702, 26 P. (2d) 153, 159, this court pointed out that:

"The fact of possession is in many, if not most of the cases, but of minor significance. The point of importance ordinarily is the title. That is true here. We need not discuss or determine the full significance of that fact, except to say that in many, and perhaps most, jurisdictions, the action is no longer a purely possessory action, but is, where both the title and the right of possession are brought in question, one in which the title in question also is finally adjudicated."

There were many authorities cited subsequent to the quotation above made as sustaining this view.

However, it is not necessary to consider this contention of the plaintiff in error at any great length, for in

our case of Johnson v. Sellers, 53 Wyo. 403, 84 P. (2d) 744, we held that under our statutes relating to the recovery of realty, "joinder of an action in ejectment with action to remove cloud from title to realty involved was proper," and the matter was discussed and authorities sustaining that view were examined at some length. That case was an action by Sellers against Johnson and another to recover possession of certain realty, to remove a cloud on the title of the real property affected and for the cancellation of two alleged void conveyances. After reviewing a number of authorities, we there said:

"The foregoing authorities announce with reasonable clearness the underlying idea of the practice codes to have parties settle their difficulties relative to the same subject-matter in one action if at all possible, and we can perceive no good reason why that should not be done in a case such as we now have before us."

It is also urged for the defendant Carter that Chapter 70, Laws of 1937, is inapplicable here because it is said that the words "still the owner of" in the statute as excerpted above, should be construed to mean that the County at the time the redemption is sought to be made is at that time the owner of the property affected. On the other hand, the Realty Company asserts that although the phraseology just quoted is literally susceptible of that construction, the true import of the words to be drawn from the Act in its entirety and the legislative intent, is that these words must be held to refer to the time the statute became operative, that is on February 20, 1937.

We think the latter construction of the law should be the one adopted by this court for several reasons. First, because the prevailing rule appears to be that statutes conferring the privilege or right of redemption should be "liberally and benignly" construed. Grieb, County Clerk, v. National Bank of Kentucky's Receiver, 252

Ky. 753, 68 S. W. (2d) 21. Second, the purpose of the statute as disclosed by its title was to extend the time of redemption of real property which had been sold to the County and in consequence to encourage owners, through relieving them from "interest, penalties and costs," to get back their properties into private ownership and thereby to have the same go back on the tax rolls of the county, thus benefiting both county and owner. Third, this court will take judicial notice that prior to the passage of the Act there had been existent for some years oppressive economic conditions and large bodies of real property had passed from private ownership into the hands of the several counties of the State and, of course, off their tax rolls. This is a matter of general knowledge of the economic conditions prevailing in this commonwealth at the time the Act was passed. Under the construction pressed upon us by the defendant, the time of redemption would not be extended to January 1, 1938, as the Act provides, but only to such time as the Treasurer or the County Commissioners would allow the redemption to occur, inasmuch as they might dispose of the property immediately the Act became effective, and so frustrate its fundamental purpose. This would produce a non-uniform operation of the law, something the legislature never intended, as we see it.

It is a familiar principle in ascertaining the legislative intent in enacting a statute that the court whose duty it becomes to construe it must look to he mischief the Act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body. Grieb, County Clerk, v.

National Bank of Kentucky's Receiver, supra, and cases there cited.

It follows from what we have said above that inasmuch as the time for redemption of the Realty Company's property had not expired, the Commissioners had no legal right to dispose of the property in question and their deed to Carter was void. As a corollary it follows that the district court correctly decided that the redemption undertaken to be made by the Realty Company was in fact "legal" and proper.

Finally, it is contended that Chapter 70 aforesaid is violative of Section 27, Article 3 of Wyoming's Constitution, which so far as is pertinent here reads:

"The Legislature shall not pass local or special laws in any of the following enumerated cases, that is to say * * * * refunding money paid into the state treasury, relinquishing or extinguishing, in whole or part, the indebtedness, liabilities or obligation of any corporation or person to this state, or to any municipal corporation therein, * * *."

The cases of State ex rel. Kain v. Fischl, County Treasurer, 94 Mont. 92, 20 P. (2d) 1057, and Sanderson v. Bateman, 78 Mont. 235, 253 P. 1100, are especially relied upon as supporting the view urged. It is true that these decisions do this, but as pointed out in Big Bend Drainage District v. State, 50 Wyo. 242, 60 P. (2d) 815, these cases were later overruled by the ruling announced in State ex rel. Sparling v. Hitsman, 99 Mont. 521, 44 P. (2d) 747, 751.

It was also indicated in the Big Bend Drainage District case, supra, that the Montana Constitution regarding the enactment of special laws carried language which was "exactly like ours" in Section 27, Article 3, above mentioned.

After a careful investigation we are inclined to think that the law as declared in the Hitsman case is more in accord with the trend of modern decisions. The court

in that case very elaborately discussed the matter. We prefer to follow its ruling rather than the views declared in the earlier Montana decisions.

Other minor questions are rather extensively debated in the briefs of the parties, but entertaining the views above set forth, we do not believe this opinion should be extended by a consideration of the same. Accordingly the judgment of the district court will be affirmed and an order to that effect will be entered.

KIMBALL and BLUME, JJ., concur.                      *Affirmed.*