David Martin GOLDSMITH, Appellant,

v.

Lawrence CHENEY, Sheriff of Teton County, Wyoming, Appellee.

No. 557-70.

United States Court of Appeals, Tenth Circuit.

Sept. 1, 1971.

---

John E. Ackerman, Casper, Wyo., for appellant.

Frederic C. Reed, Asst. Atty. Gen., State of Wyoming (James E. Barrett, formerly Atty. Gen., State of Wyoming, with him on the brief), for appellee.

Before MURRAH, PICKETT and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Goldsmith, after exhausting his state court remedies, brought this habeas corpus action in the United States District Court for the District of Wyoming, alleging that he was illegally held by appellee Cheney, Sheriff of Teton County, Wyoming, upon a complaint charging him and three co-defendants as accessories before the fact to the crime of murder in the first degree. It is contended here (1) that the Wyoming courts are without jurisdiction because the alleged murder was admittedly committed in the State of Nevada and that the Wyoming accessory-before-the-fact statute, Section 6–14, W.S.1957, is not applicable; (2) that one of the co-defendants was acquitted of the murder charge in Nevada, and that said acquittal operates to defeat a prosecution as an accessory; and (3) that the Wyoming prosecution constitutes double jeopardy in violation of the Fifth Amendment to the United States Constitution. The trial court heard the case upon stipulated facts and denied relief.

The undisputed facts are that on or about August 22, 1967 Robert Stucker and Larry Olinger were murdered in the State of Nevada. On January 19, 1968 Goldsmith, together with co-defendants Linn, Lucas and Lindblad, was charged in Nevada with having committed the murders, and thereafter Goldsmith was arrested in Wyoming and extradited to Nevada. It is agreed that Goldsmith was in Wyoming at the time Stucker and Olinger were killed and had not been in Nevada during the year 1967 prior to the murders. Lucas was tried and acquitted. Linn was convicted, but was granted a new trial and his case was later dismissed. Upon agreement with Nevada authorities, Goldsmith entered a plea of nolo contendere to the crime of conspiracy, a gross misdemeanor, and the murder charges were dismissed as to him. The Nevada statute provides that the dismissal of an action shall bar another prosecution for the same offense. N.R.S. 178.562. Lindblad testified as a state witness and the charges against him have not been disposed of. After the Nevada fiasco, a criminal complaint against the four was filed in Wyoming charging them as accessories before the fact. Following his arrest on the Wyoming charge, Goldsmith unsuccessfully sought habeas corpus relief in the Wyoming Supreme Court upon substantially the same grounds as are presented here. Goldsmith v. Cheney, 468 P.2d 813 (Wyo. 1970).[1]

---

1. The court has been advised that since the Wyoming Supreme Court decision, Goldsmith, Linn and Lucas have been tried, convicted and sentenced to life imprisonment.

■ The jurisdictional question arises out of the language of the Wyoming statute, Section 6–14, W.S.1957, which provides:

"Accessory before the fact.—Every person who shall aid or abet in the commission of any felony, or who shall counsel, encourage, hire, command, or otherwise procure such felony to be committed, shall be deemed an accessory before the fact, and may be indicted, informed against, tried and convicted in the same manner as if he were a principal, and either before or after the principal offender is convicted or indicted or informed against; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

The argument is that the words, "any felony", as used in the statute are not broad enough to include felonies committed in another state. The Wyoming Supreme Court, in considering this question, concluded that an "(a)nalysis of the entire problem indicates to the contrary," and after reference to the applicable law in Wyoming, stated:

"We inherited this common law and by statute specifically adopted it, thereby making it the background for interpretation of our laws, including § 6–14 here in issue. By decisions of this Nation's courts in cases dealing with felonies in which the preparations occurred in one state and the actual felony in another, it has been held, consistent with the common law rule, that absent a statute which provides otherwise an accessory before the fact may be tried where the accessorial act took place and only there. * * * " Goldsmith v. Cheney, 468 P.2d 813, 816 (Wyo.1970).

Generally, the interpretation of a state statute by the highest court of the state will be followed by the federal courts unless that interpretation is inconsistent with fundamental principles of liberty and justice. Tyrrell v. Crouse, 422 F.2d 852, 853 (10th Cir. 1970); Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968), cert. denied, 394 U.S. 950, 89 S.Ct. 1289, 22 L.Ed.2d 485 (1969); Pearce v. Cox, 354 F.2d 884, 891 (10th Cir. 1965), cert. denied sub nom., Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966). The statutory construction given the statute by the Supreme Court of Wyoming does not offend the fundamental principles of liberty and justice and appears to be a reasonable construction.

■■ Generally, to sustain a plea of double jeopardy it must be shown that both prosecutions are for the same offense. The test for identity of offenses is whether the same evidence is required to sustain each offense. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Ebeling v. Morgan, 237 U.S. 625, 630, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489 (1911); Waters v. United States, 328 F.2d 739 (10th Cir. 1964). When each offense requires proof of a fact not essential to the other, the charges are not identical and the accused can be charged, tried and convicted of both offenses even though the charges arise out of the same acts. Pereira v. United States, 347 U.S. 1, 74 S. Ct. 358, 98 L.Ed. 435 (1954); Blockburger v. United States, supra, 284 U.S. p. 304, 52 S.Ct. 180; Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1152 (1915); Bartlett v. United States, 166 F.2d 928, 931 (10th Cir. 1948); Gilmore v. United States, 124 F.2d 537, 539 (10th Cir. 1942), cert. denied, 316 U.S. 661, 62 S.Ct. 941, 86 L.Ed. 1738 (1942).

■ The Supreme Court of Wyoming, by reference to the common law of England which was by statute adopted as a rule of decision in the State, has held that the Wyoming accessory statute creates a separate and distinct offense from that of the principal and that the crime is punishable only in the jurisdiction where the accessorial act occurred. Goldsmith v. Cheney, 468 P.2d 813 (Wyo.1970). To convict one of aiding and abetting the commission of a substantive offense, it is necessary to prove

that the crime in question was committed by someone and that the person charged as an aider and abettor associated himself and participated in the accomplishment and success of the criminal venture. Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L. Ed. 919 (1949); United States v. Provenzano, 334 F.2d 678 (3d Cir. 1964), cert. denied, 379 U.S. 947, 85 S.Ct. 440, 13 L.Ed.2d 544 (1964). The crime of aiding and abetting is a separate and distinct offense from that of the principal requiring different evidence to sustain it. Nye & Nissen v. United States, *supra*, 336 U.S. p. 619, 69 S.Ct. 766 (1949); Von Patzoll v. United States, 163 F.2d 216, 219 (10th Cir. 1947), cert. denied, 332 U.S. 809, 68 S.Ct. 110, 92 L. Ed. 386 (1947).

The crime of conspiracy, such as Goldsmith was convicted of in Nevada, is an agreement between two or more persons to do an unlawful act. The crime is complete when the agreement has been made and an overt act performed to further the unlawful design. Jones v. United States, 251 F.2d 288, 293 (10th Cir. 1958), cert. denied, 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715 (1958); Martin v. United States, 100 F.2d 490, 495 (10th Cir. 1938), cert. denied, 306 U.S. 649, 59 S.Ct. 590, 83 L. Ed. 1048 (1938).[2]

The epitome of an accessory charge is to aid, counsel, or assist another in the commission of a criminal act;

it does not depend upon an agreement or conspiracy to perform that act. Nye & Nissen v. United States, *supra*, 336 U.S. p. 619, 69 S.Ct. 766 (1949); United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938). To sustain the charge against Goldsmith in Wyoming, the prosecution must prove that Larry Olinger had been murdered, and that Goldsmith, in Wyoming, aided and abetted in his murder, or counseled, encouraged, hired, commanded, or otherwise procured Olinger's death. Krulewitch v. United States, 336 U.S. 440, 450, 69 S. Ct. 716, 93 L.Ed. 790 (1949); Colosacco v. United States, 196 F.2d 165, 167 (10th Cir. 1952); Von Patzoll v. United States, 163 F.2d 216, 219 (10th Cir. 1947), cert. denied, 332 U.S. 809, 68 S. Ct. 110, 92 L.Ed. 386 (1947). The terms aiding, abetting and counseling do not presuppose the existence of an agreement. Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1954). Obviously, the offenses of conspiracy and of accessory before the fact are not identical in law or in fact, and Goldsmith's plea and conviction upon the conspiracy charge does not bar the accessory charge against him in Wyoming. On the record we find no merit in the contention that the acquittal of one of those charged with murder in Nevada bars a prosecution for the crime of accessory before the fact in Wyoming.[3] Goldsmith v. Cheney, 468 P.2d 813 (Wyo.1970).

Affirmed.

---

2. It is agreed that all the activities of Goldsmith in connection with the Nevada murders were in Wyoming, but no question is raised as to the jurisdiction of the Nevada court over Goldsmith on the conspiracy charge there.

3. Apparently the trial court and the Supreme Court of Wyoming found it unnecessary to consider the question of the

effect of the double jeopardy provision of the Fifth Amendment as to prosecutions for the same offense by separate sovereigns. See Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).