Everette G. WOODWARD, Administrator of the Estate of Gerald E. Woodward, a/k/a Gerald Everette Woodward, Appellant (Plaintiff below),

v.

Don HANEY and the Anschutz Corporation, Inc., a corporation, Appellees (Defendants below).

No. 4675.

Supreme Court of Wyoming.

May 18, 1977.

James N. Wolfe, Wolfe & Rasmussen, Sheridan, signed the brief and appeared in oral argument on behalf of the appellant.

Lawrence A. Yonkee and Tom C. Toner, Redle, Yonkee & Arney, Sheridan, signed the brief and Lawrence A. Yonkee, Sheridan, appeared in oral argument on behalf of the appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

From an unfavorable percentage verdict in a comparative negligence action, the plaintiff-appellant appeals, raising two issues: 1. Was the trial judge in error by denying plaintiff the opportunity of making the jury aware of the existing law of Wyoming that if the negligence of plaintiff was equal to or greater than the defendants, plaintiff could not recover? 2. Did the trial judge err in his failure to instruct the jury partly to the same effect? We will affirm.

The plaintiff filed a wrongful death action against defendants charging negligence and claiming damages as the result of a motor vehicle collision in which plaintiff's decedent-driver received fatal injuries. The verdict of the jury found deceased 65% negligent and defendant-driver 35% negligent.

Admittedly, the Wyoming Legislature adopted, verbatim, Wisconsin's comparative negligence statute.[1] Section 1–7.2, W.S. 1957, 1973 Cum.Supp., is as follows:

"(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought. Any damages allowed shall be diminished, in proportion to the amount of negligence attributed to the person recovering.

"(b) The court may, and when requested by any party, shall:

"(i) If a jury trial, direct the jury to find separate special verdicts;

"(ii) If a trial before the court without a jury, make special findings of fact; determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributed to the person recovering."

The problems of this case may no longer be viable because after the verdict and judgment in this case, in 1976, the Wyoming Legislature added § 1–7.7, effective May 28, 1976, permitting argument and advice to the jury of the consequences of its verdict.[2] We are careful to state that we make no holding as to the effect of § 1–7.7 on § 1–7.-2.

 It is not unreasonable to hold that a statute taken from another state is adopted with the construction placed upon it by the highest court of the parent jurisdiction. *Payne v. City of Laramie,* Wyo.1965, 398 P.2d 557, 560; *Blumenthal v. City of Cheyenne,* 1947, 64 Wyo. 75, 186 P.2d 556, 570. The decisions of the courts of another state from whence came legislation in question are very persuasive when applying statutes which are identical or very similar to those enacted by our own Legislature. *Wilson v. Martinez,* 1956, 76 Wyo. 196, 230, 301 P.2d 785, 798, reh. den., 76 Wyo. 196, 307 P.2d 605. Where a statute that has been construed by the courts of last resort of another state has been enacted in the same terms by the Wyoming Legislature, the Legislature is presumed to have adopted it as a part of the law and intended the same construction apply in this state. *Crumrine v. Reynolds,* 1904, 13 Wyo. 111, 78 P. 402. It is considered an aid to determine legisla-

---

1. Section 895.045, Wisconsin Statutes. See also Smith, "Comparative Negligence Problems with the Special Verdict: Informing the Jury of the Legal Effects of Their Answers," X Land & Water L.Rev. 199, 214 (1975). We make no comment with respect to Mr. Smith's views.

2. Section 1–7.7 provides as follows:
 "The ad damnum clause or prayer for damages incorporated in a pleading which sets forth a claim for relief based upon personal injury or wrongful death shall not state any dollar amount as alleged damages or demand a sum as judgment other than an allegation that the damages are of an amount necessary to establish jurisdiction of the court. Nothing herein shall be construed to prevent any party from arguing to the court or jury the amount of his claim in money. In all cases the court shall inform the jury of the consequences of its verdict."

tive intent. See the discussion in 2A Sutherland Statutory Construction, Sands, 1973, §§ 52.01 through 52.03, pp. 329–339. The judicial interpretation of adopted legislation is given great weight because it constitutes legislative precedent so useful in ascertaining legislative intent. The comparative negligence law was created by the Legislature, not the courts, so we must give a full measure of deference to the legislative desire, keeping always in mind the balance that must be maintained between the Legislature and judicial system. The rule is a good one, too, because it allows for some reckonability of what this court may do with adopted legislation and lends stability to legislation until reviewed by this court, which might be years.

We do not have the situation in this case which existed in *Mitchell v. Walters,* 1940, 55 Wyo. 317, 100 P.2d 102, when this court was called upon to interpret the guest statute of Wyoming, enacted in 1931, taken from Michigan. While this court recognized the familiar canon that a statute borrowed from another state will be assumed to be taken with the construction placed upon it by the last resort court of the state of origin, still if the construction placed upon it by that court did not come until after the Wyoming enactment, the Legislature could not be bound by any knowledge of the ultimate construction in the foreign state. See also to the same effect *Wyoming Coal Mining Company v. State,* 1906, 15 Wyo. 97, 87 P. 337, 123 Am.St.Rep. 1014, reh. den. 87 P. 984.

■ Only recently, the Colorado Supreme Court had occasion to rule on this very same question and followed the Wisconsin precedent in that the Colorado statute was patterned after the Wisconsin statute. *Avery v. Wadlington,* Colo.1974, 526 P.2d 295.[3] The court there, following Wisconsin

**3.** See also *Simpson v. Anderson,* 1974, 33 Colo. App. 134, 526 P.2d 298, decided contemporaneously with the same holding. Our neighbors, Utah and Idaho have followed suit. *McGinn v. Utah Power & Light Company,* Utah 1974, 529 P.2d 423; *Holland v. Peterson,* 1974, 95 Idaho 728, 518 P.2d 1190.

precedent, decided that it is reversible error to inform the jury as to the operation of the statute or the effect of its percentage findings on the ultimate outcome of the case. The appellant-plaintiff here cites as his authority the dissent in that case. We must remind that a dissent has no precedential value nor does the fact that an appellate court is split take anything away from the weight of the majority. A dissent lends comfort to the losing party but adds nothing to the jurisprudence of the State until perhaps in the indefinite future is adopted as controlling.

The judicial precedent of Wisconsin on the subject has long held that it is error to enlighten the jury as to the effect of its answers to the interrogatories in the special verdict on the final outcome of the trial and requests to do so are properly denied. *Mutual Automobile Ins. Co. of Town of Herman v. State Farm Mutual Automobile Ins. Co.,* 1954, 268 Wis. 6, 66 N.W.2d 697. Such advice is considered prejudicial. *De Groot v. Van Akkeren,* 1937, 225 Wis. 105, 273 N.W. 725.

■ We hold that under § 1–7.2(a), unqualified by § 1–7.7, whatever effect the latter section may currently have, the intent of the Wyoming State Legislature was to adopt the Wisconsin judicial construction of the comparative negligence statute at the date of enactment, holding that it is reversible error to advise the jury in argument or by instruction of the effect of its verdict. We can find no fault with the rationale of the Wisconsin Supreme Court, then existing and of which the Wyoming Legislature was presumed to be aware.[4] It is immaterial that the Legislature may have since changed its mind.

Affirmed.

**4.** While of no great importance to our holding, we question the form of the offered instruction even if proper to inform the jury, which it was not. It was as follows:

"You are instructed the law of Wyoming provides that in the event of a determination by you that the negligence of the parties is

Note 4—Continued

> equal then and in that event the plaintiff cannot recover."

It does not follow the language of the statute, stating that contributory negligence does not bar recovery by a designated plaintiff "if such negligence was not as great" as that of the defendant. The form of statute for Wyoming is the same as Wisconsin prior to amendment by the Legislature of that state in 1971 to substitute the words "greater than" for the words "as great as." The Wyoming Legislature adopted the unamended statute. Until the change, the rule was that an injured person, or decedent in a wrongful death action, 50% negligent, precluded recovery. *Vincent v. Pabst Brewing Co.*, 1970, 47 Wis.2d 120, 177 N.W.2d 513. Plaintiff's offered instruction is therefore correct as far as it goes but it does not fully and clearly inform the jury of the percentage of increasing recovery for less than 50% negligence on the part of a plaintiff or, as here, the decedent. If the jury is to be informed of the effect of its verdict, it ought to be correctly informed to the fullest extent. We would observe the instruction to be somewhat confusing because of its omissions. In any event, if given, it would have afforded an opportunity for counsel to argue effect.