**Robin LANCTO, Appellant (Plaintiff),**

v.

**CITY OF RAWLINS, a Municipal Corporation, Appellee (Defendant).**

No. 94–209.

Supreme Court of Wyoming.

April 4, 1995.

Juan Leo DeHerrera, Rawlins, representing appellant.

Kurt Kelly and Thomas A. Thompson of Williams, Kelly & Waldrip, Rawlins, representing appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and KAIL, D.J. (Retired).

MACY, Justice.

Appellant Robin Lancto appeals from the district court's order which granted a summary judgment in favor of Appellee City of Rawlins.

We affirm.

### Issue

Lancto presents one issue on appeal:

Did the District Court err in refusing to follow the Wyoming Attorney General's Opinion and require a municipality to give employees up to 15 days of paid leave for National Guard training without requiring them to take earned vacation[?]

## Facts

Lancto began his employment with the City in 1976 as a patrolman. In 1983, he enlisted in the Army National Guard of the State of Wyoming, and each summer since 1984 he has attended a two-week national guard training session. During each of the training sessions, Lancto received his regular pay from the City since he had used a portion of his annual leave, plus he received a salary from the national guard.

Prior to 1989, the PERSONNEL POLICIES FOR THE CITY OF RAWLINS, WYOMING, allowed members of the national guard to take military leaves of absence without pay for up to fifteen days per calendar year and did not require that the time be charged against the employee's accrued annual leave. In 1989, the City amended its PERSONNEL POLICIES by adding that, when the "pay by the City for the same period is greater than actual military pay, the City will pay the difference so there is no loss in pay for the period of fifteen (15) calendar days or less."

On December 7, 1993, Lancto filed a governmental claim with the City, seeking monetary compensation for the time he had spent attending the national guard training sessions from 1984 through 1993. The City denied his claim, and Lancto filed a lawsuit against the City. Lancto alleged that, under WYO.STAT. § 19–2–504(a) (1977), he should have been allowed to take fifteen days of paid military leave each year without having to use his annual leave. Each party filed a motion for a summary judgment. The parties stipulated that the district judge's ruling on the motions for a summary judgment would be limited to interpreting § 19–2–504(a) as it applied to the facts of this case. After the district court held a hearing on the parties' motions, it granted the City's motion for a summary judgment and denied Lancto's motion for a summary judgment. Lancto appealed.

## Discussion

■ A district court should grant a summary judgment only " 'when no genuine issue of material fact exists and when the prevailing party is entitled to have a judgment as a matter of law.' " *Halpern v. Wheeldon,* 890

P.2d 562, 564 (Wyo.1995) (quoting *Sandstrom v. Sandstrom,* 884 P.2d 968, 971 (Wyo.1994)). In reviewing a district court's grant of a summary judgment, we consider the case " 'from the viewpoint favorable to the party opposing the judgment. We accord no deference to the district court's decisions on issues of law.' " *Id.* (quoting *Smith, Keller & Associates v. Dorr & Associates,* 875 P.2d 1258, 1264 (Wyo.1994) (citation omitted)).

■ The parties agree as to the essential facts of the case. Their controversy centers on the legal interpretation of § 19–2–504(a). That statute provides:

> (a) Any member of the Wyoming national guard or United States military forces reserve who is an officer or employee of this state or any political subdivision, municipal corporation or public agency of the state, shall be given a leave of absence not to exceed fifteen (15) calendar days in any one (1) calendar year to attend duly authorized encampments, training cruises and similar training programs in addition to any other leave or vacation time to which the person is otherwise entitled.

Lancto insists that the term "leave of absence" means leave with pay, while the City argues that the term means leave without pay.

> We endeavor to interpret statutes in accordance with the Legislature's intent. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia.* 845 P.2d at 1042.

*State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo. 1994). When the Court determines, as a matter of law, that a statute is clear and unambiguous, it must give effect to the plain language of the statute and should not resort

to the rules of statutory construction. *Id.* If, on the other hand, the Court determines that a statute is ambiguous, it may use extrinsic aids of statutory interpretation to help it determine the Legislature's intent. *Christensen v. Oedekoven*, 888 P.2d 228, 230 (Wyo. 1995).

Lancto contends that § 19–2–504(a) is ambiguous. "Leave of absence" is not defined in the statute, and the Legislature did not specify whether a military leave of absence of fifteen days or less under § 19–2–504(a) would be with or without pay; however, when we construe together all the components of the statute *in pari materia*, the meaning of the term "leave of absence" in § 19–2–504(a) becomes clear and unambiguous. *See Pacificorp*, 872 P.2d at 1166; *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993).

WYO.STAT. § 19–2–504(b) (1977) pertains to military leaves of absence of greater than fifteen days. The Legislature expressly stated that those longer leaves of absence would be taken "without pay." Section 19–2–504(b). Since the Legislature felt compelled to specify that the longer leaves of absence were to be taken "without pay," it obviously intended that the shorter leaves of absence under § 19–2–504(a) would be taken "with pay." *See* Op. Att'y Gen. No. 77–04 (Wyo.1977). Taking into consideration the plain language of the entire statute, we hold that the Legislature intended for employees and officers to be paid while they are on military leaves of absence pursuant to § 19–2–504(a). That payment, so long as it is reasonable, may be differential or full pay.

The differential payment scheme incorporated into the PERSONNEL POLICIES which the City adopted in 1989, wherein members of the national guard receive the difference between their regular pay and their national guard pay when the City pay is greater than the military pay, complies with the payment requirement of § 19–2–504(a).

We agree with the district court that Lancto was not entitled to receive any additional remuneration because he voluntarily opted to use his annual leave while he was attending the national guard training sessions. The option of receiving the differential pay provided for in the City's PERSONNEL POLICIES has been available to Lancto since 1989. Instead of choosing the differential pay option, Lancto has voluntarily elected to use his annual leave while he has attended his national guard training sessions so that he would receive both his regular City pay and his national guard pay. The City, therefore, properly paid Lancto during his military leaves of absence.

### Conclusion

No genuine issue of material fact was presented in this case, and the City was entitled to be awarded a judgment as a matter of law.

Affirmed.