**John E. TIETEMA, Jr., Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–271.

Supreme Court of Wyoming.

Nov. 15, 1996.

* Chief Justice at time of oral argument.

Sylvia Lee Hackl, State Public Defender; Kenneth M. Koski, Deputy Public Defender; and Deborah Cornia, Appellate Counsel, for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and John D. Harjehausen, Student Director, Prosecution Assistance Program, for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

LEHMAN, Justice.

In this case we are asked to answer the certified question of "[w]hether 'possession'

under Wyo.Stat. § 12–6–101(b) (Supp.1995) must occur on 'any street or highway or in any public place'? In other words, whether 'on any street or highway or in any public place' is an element of the offense of possession of alcoholic or malt beverages."

We answer the question in the negative.

### FACTS

On December 17, 1994, officers from the Park County Sheriff's Department responded to a report at a private residence where a party was being held. Outside the residence, an officer observed beer bottles and several plastic red cups on the ground by the garage. Inside the garage, officers observed several cups on the floor, a beer keg and an opened bottle of whiskey approximately half full. During questioning, appellant John E. Tietema, Jr. admitted to drinking beer, and alcohol smelled on his breath. An individual living at the residence admitted that he was having a "party" in the garage.

Tietema was issued a citation for underage possession of alcohol and being under the influence of alcohol in violation of W.S. 12–6–101(b). The county court dismissed the under-the-influence count, and a trial was held regarding the count charging Tietema with possession of alcohol. On March 20, 1995, the county court issued its order concluding that, as a matter of law, possession under W.S. 12–6–101(b) could occur on private property and that "on any street or highway or in any public place" was not an element of the offense of possession of alcoholic or malt beverages.

After sentencing on March 27, 1995, Tietema appealed the judgment and sentence to the district court. Pursuant to W.R.A.P. 11, the district court certified to this court the question of whether "possession" under W.S. 12–6–101(b) must occur on "any street or highway or in any public place." The district court reserved to itself the issues raised by Tietema concerning constructive possession of alcohol and sufficiency of the evidence.

### DISCUSSION

Section 12–6–101(b) provides:

(b) Any person under the age of twenty-one (21) years who has any alcoholic or malt beverage in his possession or who is drunk or under the influence of alcoholic liquor, malt beverages or a controlled substance on any street or highway or in any public place is guilty of a misdemeanor. This subsection does not apply to possession of alcoholic or malt beverages by a person under the age of twenty-one (21) years:

(i) When making a delivery of alcoholic or malt beverages pursuant to his employment;

(ii) Who is in the physical presence of his parent or legal guardian;

(iii) When dispensing or serving alcoholic or malt beverages or otherwise working in a dispensing room pursuant to his employment, if the person was at least nineteen (19) years of age on the effective date of this act. This paragraph does not apply to persons otherwise authorized to serve alcoholic or malt beverages under paragraph (v) of this subsection;

(iv) Who is a licensee under this title; or

(v) When serving alcoholic or malt beverages pursuant to his employment in a restaurant which holds a license to serve alcoholic or malt beverages, if the person is at least eighteen (18) years of age.

Tietema contends that the plain meaning of the language in the statute requires "possession" to occur on any street or highway or in any public place, i.e., "possession" cannot occur on private land. The State, on the other hand, asserts that possession of alcoholic or malt beverages by anyone under the age of twenty-one is prohibited regardless of location, public or private, except in those instances specifically exempted in subsections (i) through (v).

This court's primary focus when interpreting a statute is the determination of the legislature's intent upon enactment. *In re Honeycutt*, 908 P.2d 976, 978 (Wyo.1995); *Coones v. F.D.I.C.*, 894 P.2d 613, 616 (Wyo. 1995); *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995). We construe a statute as a whole with ordinary and obvious meaning applied to words as they are arranged in

paragraphs, sentences, clauses and phrases to express the intent of the legislature. *In re Honeycutt,* at 978; *Wyoming Ins. Guar. Ass'n v. Woods,* 888 P.2d 192, 197 (Wyo. 1994). If a statute is clear and unambiguous, we will give effect to the plain and ordinary meaning of the words and will not resort to rules of statutory construction. *In re Honeycutt,* at 978; *Lancto v. City of Rawlins,* 892 P.2d 800, 802 (Wyo.1995). We will resort to extrinsic aids of statutory interpretation to determine the legislature's intent only if we find the statute to be ambiguous. *In re Honeycutt,* at 978; *Lancto,* at 803.

■ In construing the language

> [a]ny person under the age of twenty-one (21) years who has any alcoholic or malt beverage in his possession or who is drunk or under the influence of alcoholic liquor, malt beverages or a controlled substance on any street or highway or in any public place is guilty of a misdemeanor[,]

we find that two independent misdemeanor offenses are included: 1) any person under twenty-one years of age is prohibited from possessing alcoholic or malt beverages, regardless of location; and 2) any person under twenty-one years of age is prohibited from being drunk or under the influence of alcoholic liquor, malt beverages or a controlled substance on any street or highway or in any public place.

The bases for this conclusion are three-fold. First, the prohibition against possession of alcoholic or malt beverages is set apart from the prohibition against being drunk or under the influence of alcoholic liquor, malt beverages or a controlled substance by the disjunctive use of the word "or." We have addressed the effect of the use of the word "or" previously, stating:

> Webster defines "or" as a function word to indicate (1) an alternative between different or unlike things, states or actions; (2) choice between alternative things, states or courses. The word "or" is ordinarily used as a disjunctive generally corresponding to "either" as "either this or that." Where two clauses or phrases are expressed in the disjunctive, they are coordinate and either is applicable to any situation to which its terms relate. Generally, use of

the disjunctive indicates alternatives and requires separate treatment of those alternatives, hence a clause following a disjunction is considered inapplicable to the subject matter of the preceding clause.

*Olsten Staffing Serv., Inc. v. D.A. Stinger Serv., Inc.,* 921 P.2d 596, 600 (Wyo.1996) (*quoting Matter of Voss' Adoption,* 550 P.2d 481, 485 (Wyo.1976)). Because the misdemeanor possession clause is set apart from the misdemeanor of being drunk or under the influence clause by a disjunctive "or," the language "on any street or highway or in any public place" only concerns the misdemeanor under the influence clause. The plain meaning of the language concerning possession is that no one under the age of twenty-one may possess alcoholic or malt beverages, regardless of location.

The second basis for our conclusion rests upon the fact that no comma precedes the prepositional phrase "on any street or highway or in any public place." In accordance with traditional rules of grammatical construction, a comma preceding a prepositional phrase denotes that the phrase pertains to all antecedents; the corollary of such rule is that when a comma does not precede a prepositional phrase, the phrase applies only to the immediately preceding antecedent and to no others. *See 2A Sutherland Statutory Construction* § 47.33 (Supp.1982). The absence of a comma, combined with the use of the disjunctive "or," leads us to the conclusion that the legislature intended the phrase "on any street or highway or in any public place" to apply only to the antecedent "or who is drunk or under the influence of alcoholic liquor, malt beverages or a controlled substance."

Further, we note that from 1953 to 1979, a comma did indeed precede the prepositional phrase at issue. By removal of the comma in 1979, the legislature intended to clarify that the prepositional phrase applied only to the antecedent immediately preceding. *Wetering v. Eisele,* 682 P.2d 1055, 1061 (Wyo.1984) (we assume legislature does not intend futile acts and that its amendment of a statute indicates some change in existing law was intended); *see* Op. Wyo. Att'y Gen. No. 91–003 (June 27, 1991) (analyzing the interplay

between the grammatical structure and legislative history of the statute).

The third basis for our conclusion is that the legislature enunciated specific exemptions to the misdemeanor of possession in subsections (i) through (v). These five exemptions are the only qualifiers for possession of alcoholic or malt beverages by a person under the age of twenty-one. If the legislature had intended possession on private property to be exempted, it would have so stated.

### CONCLUSION

We answer the certified question in the negative; possession of alcoholic or malt beverages by any person under the age of twenty-one is antithetical to W.S. 12–6–101(b), regardless of location. Accordingly, "on any street or highway or in any public place" is not an element of the misdemeanor offense of possession.