Robert Genaro PALATO, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Shellie Jo Cottam, Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

No. 97–76.

Supreme Court of Wyoming.

Oct. 12, 1999.

Representing Appellants: For appellant
Palato: Sylvia Lee Hackl, State Public De-
fender and Donna D. Domonkos, Appellate

Counsel. For appellant Cottam: Harry G. Bondi of Harry G. Bondi Law Offices, P.C., Casper, WY. Argument presented by Ms. Domonkos and Mr. Bondi.

Representing Appellee: William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Thomas A. Burley, Converse County Attorney; and Bruce Horton, Deputy Converse County Attorney. Argument presented by Mr. Horton.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

This case involves a certified question arising out of two criminal actions currently pending in the District Court for the Eighth Judicial District of Wyoming. Both defendants are alleged to have conspired with a government agent to deliver a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1042 (Lexis 1999), raising the issue of whether Wyoming follows a unilateral or bilateral approach with respect to conspiracies involving controlled substances. This court agreed to answer the following certified question of law:

> Can a defendant be found guilty under W.S. § 35–7–1042 of conspiring to deliver a controlled substance when the only other member of the alleged conspiracy is a government agent?

We hold that the legislature intended for Wyoming to follow the bilateral approach with respect to drug conspiracies, and thus answer the certified question "no."

### FACTS

The relevant facts are undisputed. Appellants Robert Genaro Palato and Shellie Jo Cottam are defendants in separate criminal actions before the Eighth Judicial District Court. Appellant Palato is alleged to have conspired with a special agent of the Wyoming Division of Criminal Investigation to have a third-party deliver to the agent three-quarters of an ounce of marijuana. Appellant Cottam is alleged to have conspired three separate times to deliver methamphet-

amine to a confidential informant. Palato was charged with one count and Cottam with three counts of conspiracy to deliver a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1042. In each instance, the only members of the alleged conspiracy were the appellants and a government agent. Both appellants filed a motion to dismiss with the district court, which prompted the certified question set out above.

### DISCUSSION

The question we must resolve is whether Wyoming's controlled substances conspiracy statute, § 35–7–1042, embraces the unilateral or bilateral theory of conspiracy. "Under a unilateral formulation, the crime is committed *when a person agrees* to proceed in a prohibited manner; under a bilateral formulation, the crime of conspiracy is committed *when two or more persons agree* to proceed in such manner." *Miller v. State*, 955 P.2d 892, 896 (Wyo.1998) (quoting *State v. Rambousek*, 479 N.W.2d 832, 833–34 (N.D.1992)). Therefore, under a unilateral theory, a conspiracy count is viable even when one of the participants is a government agent or is feigning agreement. *Miller*, at 897; Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.4(d) (1986).

This court recently considered the unilateral-bilateral question as it pertains to our general conspiracy statute, Wyo. Stat. Ann. § 6–1–303 (Lexis 1999). *Miller*. Based on the language and legislative history of the statute, as well as public policy considerations, we held that § 6–1–303 adopts the unilateral approach to conspiracy. *Id.* Our evaluation of those same considerations, and others, leads us to conclude that the legislature had a different intent when it enacted § 35–7–1042.

This court's primary focus when interpreting a statute is to determine the legislature's intent upon enactment. *Tietema v. State*, 926 P.2d 952, 953 (Wyo.1996). "The initial step in arriving at a correct interpretation * * * is an inquiry respecting the ordi-

---

* Chief Justice at time of oral argument; retired November 2, 1998.

nary and obvious meaning of the words employed, according to their arrangement and connection." *Parker Land & Cattle Co. v. Game & Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). If the language of the statute is plain and unambiguous, we apply its plain meaning and need not consult rules of statutory construction. "[W]hile a determination that the meaning is not subject to varying interpretations will usually end our inquiry, we may resort to extrinsic aids of interpretation, such as legislative history and rules of construction, to confirm our determination." *Houghton v. Franscell*, 870 P.2d 1050, 1054 (Wyo.1994) (citing *Parker*, 845 P.2d at 1045).

> [I]n ascertaining the legislative intent in enacting a statute * * * the court * * * must look to the mischief the act was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law and all other prior and contemporaneous facts and circumstances that would enable the court intelligently to determine the intention of the lawmaking body.

*Carter v. Thompson Realty Co.*, 58 Wyo. 279, 291, 131 P.2d 297, 299 (1942); *see also Parker*, 845 P.2d at 1044. We presume that the legislature enacts statutes with full knowledge of the existing condition of the law and with reference to it. *Parker*, at 1044.

Wyoming's controlled substances conspiracy statute provides:

> **Any person who** attempts or **conspires** to commit any offense under this article [the Wyoming Controlled Substances Act] within the state of Wyoming or who conspires to commit an act beyond the state of Wyoming which if done in this state would be an offense punishable under this article, shall be punished by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense the commission of which was the object of the attempt or conspiracy.

Wyo. Stat. Ann. § 35–7–1042 (Lexis 1999) (emphasis added). We find that § 35–7–1042 is ambiguous with respect to whether it adopts a bilateral or unilateral theory of conspiracy. The ambiguity in the statute arises from the use of the singular "[a]ny person" language, which since the adoption of the Model Penal Code has been said to be indicative of the unilateral approach to conspiracy, and the traditional, common law view that it takes at least two guilty parties to "conspire." *See, e.g., Jasch v. State*, 563 P.2d 1327, 1332 (Wyo.1977) (quoting *Goldsmith v. Cheney*, 447 F.2d 624 (10th Cir.1971)) ("A conspiracy is an agreement between two or more persons to do an unlawful act.").

The history of Wyoming's drug conspiracy statute provides some insight into the legislature's intent at the time of its enactment. Section 35–7–1042 was derived, not from the general conspiracy statute or the Model Penal Code, but from the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, codified at 21 U.S.C. § 846.[1] When the Wyoming legislature adopts a statute from another jurisdiction, that jurisdiction's case law construing the statute is considered persuasive authority and an aid to determine legislative intent. *Apodaca v. State*, 627 P.2d 1023, 1027 (Wyo. 1981); *Woodward v. Haney*, 564 P.2d 844, 845–46 (Wyo.1977). As such, we have looked to the case law interpreting the federal conspiracy provision as persuasive authority when interpreting § 35–7–1042. *Apodaca*, 627 P.2d at 1027; *Dorador v. State*, 768 P.2d 1049, 1053–54 (Wyo.1989).

The federal courts have consistently adhered to the *Sears* rule, a Fifth Circuit Court of Appeals holding that there can be no conspiratorial liability imposed when the only other person involved is a government

---

1.  The federal provision provided:
    Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (amended in 1988 substituting "shall be subject to the same penalties as those prescribed for the offense" for "is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense").

agent. *Sears v. United States,* 343 F.2d 139, 142 (5th Cir.1965); *see also United States v. Rosenblatt,* 554 F.2d 36, 38 n. 2 (2d Cir.1977); *United States v. Escobar de Bright,* 742 F.2d 1196, 1198–99 (9th Cir.1984). The federal rule, which takes a bilateral approach, is grounded in the traditional definition of conspiracy as "an agreement between two or more people to commit an unlawful act." *Escobar de Bright,* 742 F.2d at 1199. The reasoning behind the federal approach is that the act of agreeing is a group act requiring at least two people, and when one of two persons merely pretends to agree, there is neither a true agreement nor a meeting of the minds. *Id.* This was the conventional view of conspiracy law, and the view espoused by a majority of states, including Wyoming when § 35–7–1042 was enacted in 1971.[2] In *Miller,* we determined the modification of the language in Wyoming's general conspiracy statute from the traditional "[i]f two (2) or more persons conspire" to the Model Penal Code formulation of "[a] person is guilty of conspiracy to commit a crime if" evidenced the legislature's intent to move to the unilateral approach. In contrast, § 35–7–1042 has not been amended since its enactment, and we find no similar evidence of legislative intent to depart from the federal bilateral position.

We acknowledge that this construction results in divergent treatment of conspiracies in Wyoming, depending on whether controlled substances are involved. However, the adoption of the Wyoming Controlled Substances Act, §§ 35–7–1001 et seq., suggests the legislature intended to treat drug crimes differently. The preamble of the Act describes it as "providing a comprehensive codification and revision of the laws of the State of Wyoming relating to controlled substances and the use and abuse of drugs," providing for, among other things, "crimes and offenses." 1971 Wyo. Sess. Laws, ch. 246. At the time it was enacted, the legislature re-

moved from the criminal code those provisions governing crimes and enforcement relating to controlled substances and placed them in the Act. *Id.*

■ In addition, we note that § 35–7–1042 has already been determined to alter the general law of conspiracy in an important respect. *Apodaca,* 627 P.2d at 1026–27. Specifically, the drug conspiracy statute includes no overt act requirement. When a defendant is charged under § 35–7–1042, the government is not required to allege and prove an overt act to sustain a conviction. *Apodaca,* 627 P.2d at 1027. An overt act requirement affords at least a minimal added assurance, beyond the bare agreement, that a socially dangerous combination exists and that a person is not punished for a mere evil state of mind. Dierdre A. Burgman, *Unilateral Conspiracy: Three Critical Perspectives,* 29 DePaul L.Rev. 75, 102 (1979). With respect to unilateral conspiracies, the overt act requirement is conceivably a protection to insure that police activity is not abused. *See id.* at 101. The Model Penal Code does not require an overt act for conspiracies to commit first and second degree crimes. Model Penal Code, *supra,* § 5.03(5). Although the legislature generally followed the Model Penal Code approach when it modified the general conspiracy statute in 1982, the legislature saw fit to retain the overt act requirement for all conspiratorial objectives. Wyo. Stat. Ann. § 6–1–303(b). That being the case, and given the omission of an overt act protection in the drug conspiracy statute, we cannot ascribe to the legislature the intent to adopt the unilateral conspiracy theory absent a clear expression of that intent.

■ For the reasons stated above, we hold that the controlled substances conspiracy statute embraces the bilateral theory of conspiracy, in accordance with federal case law. The certified question, whether a de-

2. The American Law Institute approved § 5.03 of the Model Penal Code in May 1962. Model Penal Code, *supra,* § 5.03 n.*. However, it was not until the early and mid–1970s that state legislatures began to incorporate the Model Penal Code recommendations into their criminal codes. Note, *Conspiracy: Statutory Reform Since the Model Penal Code,* 75 Colum. L.Rev. 1122,

1125 n. 8 (1975). Wyoming did not modify its general conspiracy provision until 1982. 1982 Wyo. Sess. Laws, ch. 75.

Although no decision of this court expressly decided the question, prior to 1982, Wyoming's statute employed the traditional "[i]f two (2) or more persons conspire" language, indicating the bilateral approach. *See Miller,* 955 P.2d at 897.

fendant can be found guilty, under Wyo. Stat. Ann. § 35–7–1042, of conspiring to deliver a controlled substance when the only other member of the alleged conspiracy is a government agent, is answered "no."

THOMAS, Justice, dissenting.

I would answer "Yes" to the certified question posed in this case. The majority resolution structures an inconsistency in the substantive law of Wyoming for the sake of being consistent with a federal substantive rule that manifests consistency within the federal law. To maintain a unilateral theory of conspiracy for all other crimes, but continue with a bilateral theory of conspiracy for controlled substances crimes injects an unwarranted complexity into the criminal law of Wyoming. I am satisfied that the legislature intended to adopt the unilateral theory of conspiracy as we held in *Miller v. State*, 955 P.2d 892 (Wyo.1998).

I attach no significance to the proposition that the legislature did not change the set of statutes creating offenses with respect to controlled substances at the same time. Probably the legislature did not believe it necessary to do so. Our reliance on federal authority as persuasive is misplaced here because our statutory scheme relating to the conspiracy offense has been adjusted while the federal statutory scheme is the same as it has been for years. The majority opinion adopts the stance that we are bound by the interpretation given to the federal statute at the time our controlled substances statute was adopted. Indeed we do have authority supporting that position.

The two statutes are remarkably similar:

> *Any person who attempts or conspires to commit any offense under this article within the state of Wyoming or who conspires to commit an act beyond the state of Wyoming which if done in this state would be an offense* punishable under this article, shall be punished by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense the commission of which was the object of the attempt or conspiracy.

Wyo. Stat. Ann. § 35–7–1042 (Lexis 1999) (emphasis added).

> *Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by * * *.*

21 U.S.C. § 846 (emphasis added). Neither statute, however, offers a definition of the word "conspires."

Perhaps my position is too simplistic, but I conclude that there is only one definition of a conspiracy in the Wyoming statutes. It is:

> (a) *A person is guilty of conspiracy to commit a crime if he agrees with one (1) or more persons that they or one (1) or more of them will commit a crime and one (1) or more of them does an overt act to effect the objective of the agreement.*

Wyo. Stat. Ann. § 6–1–303 (Lexis 1999) (emphasis added). Similarly, there is only one definition of a conspiracy in the federal statutes. It reads:

> *If two or more persons conspire either to commit any offense against the United States,* or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy * * *.

18 U.S.C. § 371 (emphasis added).

The language of the federal statute tracks the language of the Wyoming statute prior to the amendment of the Wyoming statute in 1988. That statute read:

> *If two (2) or more persons conspire to (a) commit a felony in the state of Wyoming or to commit an act beyond the state of Wyoming which if done in this state would be a felony,* and (b) one (1) or more of such persons do any act, within or without the state of Wyoming, to effect the object of the conspiracy, each, upon conviction, shall be fined not more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years or both. A conspiracy may be prosecuted in the county where the conspiratorial agreement or combination was entered into, or in any county where any act or acts evidencing the conspiracy or in any

county wherein the furtherance of its purpose took place.

Wyo. Stat. Ann. § 6–1–117 (1977).

In *Miller*, 955 P.2d at 897, we said:

When we compare the first sentences of the earlier and current statutes in Wyoming, we find that the old statute began "[i]f *two (2) or more* persons conspire to (a) commit a felony in the state of Wyoming * * *," while the new statute reads, "*[a]* person is guilty of conspiracy to commit a crime *if he* agrees with one (1) or more persons that they or one (1) or more of them will commit a crime * * *." (Emphasis added.) Our research discloses that most states that have adopted this second definition of the crime of conspiracy have embraced a unilateral approach to conspiracy, and we hold that is appropriate in Wyoming.

(Emphasis in original.) Given the fact that the revision of the Wyoming conspiracy statute post dates any of our earlier precedent relating to a conspiracy to violate the controlled substances statutes, we must acknowledge a change in Wyoming statutory law that has not occurred in the federal legislation. I would recognize that change as extending to any conspiracy to commit a crime in Wyoming, including a conspiracy to violate the controlled substances statute.

The federal cases simply follow a theory of conspiracy found in the federal statute that has remained unchanged since the adoption of the statutes regulating controlled substances. Under the federal conspiracy rule, all conspiracies must be bilateral. *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965). This is the view that has been applied to all federal conspiracy statutes, including the general conspiracy statute, the Sherman Anti-trust Act, and RICO. The policy justifications for this rule, as summarized in *United States v. Escobar de Bright*, 742 F.2d 1196, 1198–1200 (9th Cir.1984), are antithetical to those adopted by this court in *Miller*, 955 P.2d at 897–98. This federal approach maintains consistency within the federal law.

In *United States v. Shabani*, 513 U.S. 10, 115 S.Ct. 382, 385, 130 L.Ed.2d 225 (1994), the Supreme Court of the United States maintained the bilateral theory of conspiracy, but explained the absence of a requirement for an overt act. It relied upon the common law definition of conspiracy, as recognized in constructions of the Sherman Act, 15 U.S.C. § 1, and the Selective Service Act, and ruled that the language of 21 U.S.C. § 846 was modeled intentionally after those statutes rather than the general conspiracy statute. That rationale has to be suspect in Wyoming because our legislature specifically abolished common law crimes and provided, "[n]o conduct constitutes a crime unless it is described as a crime in this act or in another statute of the state." Wyo. Stat. Ann. § 6–1–102(a) (Lexis 1999). In light of that language, it seems a far reach to rely upon federal precedent that invokes a common law definition of conspiracy.

I am satisfied that Wyoming no longer should follow federal precedent that invokes a bilateral theory of conspiracy in controlled substances cases. Our legislature has spoken on the issue, while Congress has not. We should serve cohesiveness in Wyoming law by having only the unilateral theory of conspiracy coupled with an over act for all criminal cases. The overt act specifically is required by our conspiracy statute and serves, in an instance such as this, to protect the individual from any overly zealous law enforcement officer.

The certified question in this case should be answered "Yes" so that the sovereign State of Wyoming can maintain the same consistency in its law of conspiracy that the federal courts have maintained in the federal law of conspiracy.