**In re David Alan HONEYCUTT and Antoinette Marie Honeycutt, a/k/a Antoinette Marie Lentz, Debtors.**

**Timothy KINGSTON, Appellant (Trustee/Objector),**

v.

**Antoinette Marie HONEYCUTT, Appellee (Debtor/Respondent).**

No. 95–119.

Supreme Court of Wyoming.

Dec. 28, 1995.

Timothy C. Kingston, Cheyenne, for Appellant.

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

LEHMAN, Justice.

In this case we are asked to answer two questions certified to this court from the United States Bankruptcy Court for the District of Wyoming. The first concerns whether privately established and funded individual retirement accounts (IRAs) are exempt from attachment under W.S. 1–20–110(a)(i)(A) (Cum.Supp.1994). The second asks, if such IRAs are not exempt, whether W.S. 1–20–110(a)(i)(A) violates the provisions of Article 1, Section 34 of the Wyoming Constitution.

We answer both questions in the negative.

### FACTS

Antoinette Honeycutt (Debtor), along with her husband, filed for bankruptcy in the United States Bankruptcy Court for the District of Wyoming. Debtor filed a claim of exemption for an individual retirement account, which was acquired in March of 1986 and currently has a value of approximately $2,200. Debtor based her claim of exemption upon W.S. 1–20–110(a)(i)(A). The funds used to acquire and maintain the IRA were from the Debtor's personal earnings. The IRA was not established pursuant to an employer's retirement plan, nor did any employer make contributions to it.

The bankruptcy trustee objected, arguing that the exemption provided by W.S. 1–20–110(a)(i)(A) was not applicable as the IRA in question was not paid or funded by an employer or established pursuant to a contract with an employer. The bankruptcy court then certified the two questions of law before us today.

**A. Question 1: Whether a person may exempt from execution, attachment or other process, pursuant to Wyo.Stat. § 1–20–110(a)(i)(A) (Supp.1994), an individual retirement account which is neither established by an employer of that person, nor paid to that person as an employee or retired employee[.]**

■ Naturally, we must begin with the language of the statute at issue, W.S. 1–20–110(a)(i)(A):

§ 1–20–110. **Exemptions for retirement funds and accounts.**

(a) The following are exempt from execution, attachment, garnishment or any other process issued by any court:

(i) Any person's interest in a retirement plan, pension or annuity, whether by way of a gratuity or otherwise, granted, paid or payable:

(A) By any private corporation or employer to an employee or a retired employee under a plan or contract which provides that the pension or annuity shall not be assignable[.]

The determination of the legislature's intent when enacting a statute is this court's primary focus when interpreting a statute. *Coones v. F.D.I.C.*, 894 P.2d 613, 616 (Wyo. 1995); *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995). A statute will be construed as a whole with ordinary and obvious meaning applied to words as they are arranged in paragraphs, sentences, clauses and phrases to express the intent of the legislature. *Wyoming Ins. Guar. Ass'n v. Woods*, 888 P.2d 192, 197 (Wyo.1994). If a statute is clear and unambiguous, we will give effect to the plain and ordinary meaning of the words and will not resort to rules of statutory construction. *Lancto v. City of Rawlins*, 892 P.2d 800, 802 (Wyo.1995). Only if we find the statute to be ambiguous will we resort to extrinsic aids of statutory interpretation to determine the legislature's intent. *Lancto*, 892 P.2d at 803.

■ As the statute makes clear, in order to be exempt from execution, attachment, garnishment or any other legal process, an IRA must be: (1) paid or payable by a private corporation or employer; (2) to an employee or a retired employee; (3) under a plan or contract; and (4) which provides that the IRA is not assignable.

■ Debtor's argument hinges upon the phrase "paid or payable . . . [b]y any *private corporation* or employer." (Emphasis added.) Debtor suggests that "private corporation" can refer to the plan administrator, which is the entity that manages the IRA, who, pursuant to the plan, will make the required payments to the holder of the IRA. The Debtor reasons that since the plan administrator is a private corporation and the IRA is payable by it, necessarily the IRA is exempt by the statute.

We must disagree with Debtor for two reasons. First, Debtor's interpretation does violence to the plain language of the statute. Debtor ignores the consequences of the conjunctive "or" between "private corporation" and "employer" in the statute. The statute should be read as saying "paid or payable by any private corporation . . . to an employee or a retired employee." Clearly, Debtor was not an employee or a retired employee of the plan administrator. In the context used, "employer" and "private corporation" refer to different *types* of employers.

Second, Debtor's interpretation would swallow the exemption. Following Debtor's logic, it is difficult to imagine any IRAs which were not exempt since all IRAs which were administered by private corporations would be exempt. Debtor's reading of the statute would render the purpose of enacting § 1–20–110 as an exemption superfluous as everything would be exempt, nullifying the attachment, execution and garnishment statutes.

We are not able to read the language of § 1–20–110(a)(i)(A) to allow an exemption for Debtor's self-funded IRA without twisting the definitions of the plain and ordinary words contained therein beyond any semblance of rational meaning. Therefore, we must answer the first certified question in the negative.

**B. Question 2: If a person is not entitled to exempt such an individual retirement account, whether Wyo.Stat. § 1–20–110(a)(i)(A) (Supp.1994) violates the provisions of Article 1, Section 34**

**of the Wyoming Constitution, requiring the uniform operation of all laws of a general nature.**

Article 1, Section 34 of the Wyoming Constitution provides that "[a]ll laws of a general nature shall have a uniform operation." In the past, this court has treated this provision of our constitution as an equal protection limitation. *Allhusen v. State By and Through Mental Health Professions Licensing Bd.*, 898 P.2d 878, 884–85 (Wyo.1995); Keiter and Newcomb, *The Wyoming State Constitution: A Reference Guide*, p. 71 (1993). There are two levels of scrutiny in analyzing claims under this provision. If a suspect class or fundamental right is involved, we apply a strict scrutiny test which requires a showing that the classification created by the statute in question is necessary to achieve a compelling state interest. *Allhusen*, 898 P.2d at 885 (*quoting Kautza v. City of Cody*, 812 P.2d 143, 147 (Wyo.1991)). If neither a suspect class nor a fundamental right is at issue, then we use a rational relationship test—whether the classification is rationally related to a legitimate state interest. *Meyer v. Kendig*, 641 P.2d 1235, 1239 (Wyo.1982).

A fundamental right is a right which is guaranteed explicitly or implicitly by the constitution. *Mills v. Reynolds*, 837 P.2d 48, 53–54 (Wyo.1992). We do not find, nor do the parties disclose, either an explicit or implicit guarantee by the constitutions of the United States or of Wyoming that there is a fundamental right involved in creating an exemption from court process for retirement plans. As we have noted in tax cases, an exemption from the operation of a statute is a matter of legislative grace.

When a class, rather than a fundamental right, is at issue, we utilize a four-part test for analyzing equal protection claims. The test asks:

(1) what class is harmed by the legislation and has that group been subjected to a tradition of disfavor by our laws; (2) what is the public purpose to be served by the law; (3) what is the characteristic of the disadvantaged class that justifies disparate treatment; and (4) how are the characteristics used to distinguish people for disparate treatment relevant to the purpose the challenged law purportedly intends to serve.

*Allhusen*, 898 P.2d at 885–86; *Johnson v. State Hearing Examiner's Office*, 838 P.2d 158, 166–67 (Wyo.1992). The classification created here, IRAs funded by private funds, is not composed of a group that has been subjected to disfavor by our laws; certainly Debtor has not demonstrated this nor can we discern any basis for so concluding. Turning to the remaining three parts of the test, we conclude that the disparate treatment is justified.

Initially our attempt to discern a rational reason for the created classifications is hindered, once again, by the lack of legislative history regarding W.S. 1–20–110. Thus we must attempt to deduce, from the language and structure of the statute, a rational reason for the legislatively created classifications. We can identify two possible reasons which would rationally support the legislature's action. First, it is rational for the legislature to assume that the reasons supporting IRAs funded by employers are more likely to be legitimate than those funded by individuals. The legislature could have been afraid that if individual IRAs were exempt, then certain unscrupulous debtors may have been tempted to "park" a portion of their funds in an IRA prior to filing for bankruptcy. While there is certainly no insinuation that the debtor in this case had such motives, it is rational to presuppose that some in that class may be so motivated.

Second, the legislature may have thought it was sound public policy to encourage employers to set up such plans for their employees and that without the incentive of an exemption from court process, some employers might be reticent to do so for fear that they will become entangled in legal proceedings or have to incur administrative costs in forwarding such funds due to an employee to a third party under a court order.

[T]here must be some difference which furnishes a reasonable basis for different legislation as to different classes, and the differences must not be arbitrary and without just relation to the subject of the legis-

lation. One who assails a classification must carry the burden of showing that it does not rest on a reasonable basis, but is essentially arbitrary.

*Hoem v. State,* 756 P.2d 780, 782 (Wyo.1988) (*quoting Mountain Fuel Supply Co. v. Emerson,* 578 P.2d 1351, 1354–55 (Wyo.1978)). Debtor has failed to demonstrate that the classification created is arbitrary; and, having found a rational basis for the exemption contained in W.S. 1–20–110, we find the statute to be constitutional and thus answer the second certified question in the negative.

### CONCLUSION

An IRA funded by an individual is not entitled to an exemption under W.S. 1–20–110, nor is the classification created by the statute violative of Article 1, Section 34 of the Wyoming Constitution. Both questions certified to this court from the Bankruptcy Court for the District of Wyoming are answered "No."