# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 90

APRIL TERM, A.D. 2013

*July 19, 2013*

GOSAR'S UNLIMITED INC.,

Appellant
(Petitioner),

v.

S-12-0194

THE WYOMING PUBLIC SERVICE
COMMISSION,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable Peter G. Arnold, Judge*

*Representing Appellant:*
    Bruce S. Asay of Associated Legal Group, LLC, Cheyenne, WY.

*Representing Appellee:*
    Gregory A. Phillips, Wyoming Attorney General; Martin L. Hardsocg, Deputy Attorney General; Ryan T. Schelhaas, Senior Assistant Attorney General; and Michael M. Robinson, Senior Assistant Attorney General. Argument by Mr. Robinson.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]   Gosar's Unlimited, Inc. ("Gosar's") owns and operates two mobile home parks where, historically, Gosar's included in the rent it charged tenants the cost of water that it purchased from the City of Rock Springs for the tenants' use. However, in 2000, Gosar's installed water meters on each trailer lot and began charging tenants for their water usage separately from their rent.

[¶2]   In 2008, acting on a complaint from a former tenant, the Public Service Commission ("PSC") opened an investigation to determine whether Gosar's was operating as a public utility and therefore subject to regulation by the PSC. Following an investigation and subsequent hearing, the PSC determined that Gosar's was a public utility subject to PSC regulation. The district court affirmed the PSC's determination, and this appeal followed.

## ISSUES

[¶3]   We rephrase Gosar's issues as follows:

1. Whether Gosar's is a public utility subject to regulation by the PSC, given that Gosar's operates a mobile home park and installed water meters to allow it to bill tenants for their water usage separately from their rent?

2. Whether the PSC's regulation of Gosar's has violated Gosar's right to equal protection because the PSC does not regulate other similarly situated mobile home park operators?

## FACTS

[¶4]   Gosar's is a Wyoming statutory close corporation owned by Darla Gosar. Gosar's owns and operates two mobile home parks in Rock Springs: Mobile Corrals and Mobile Stalls. Those mobile home parks are serviced by city meters and are billed for overall usage. In May of 2000, Gosar's installed water usage meters for each lot in each mobile home park. Since then, Gosar's has billed water and sewer usage for each lot occupant separately from rent. Also, in order to track water payments to the City of Rock Springs and water payments from tenants, Gosar's created an informal business entity named Gosar's Unlimited Water Service.

[¶5]   In December of 2008, the PSC, acting on a complaint from a former Gosar's mobile home park tenant, opened an investigation to determine whether Gosar's was a public utility subject to regulation under Wyoming Statutes. A public hearing was held,

1

and after testimony and evidence were presented, and public deliberations occurred, the PSC found that Gosar's was a public utility.

[¶6]    Gosar's filed a petition for review in district court.  The court issued an order affirming the PSC's decision and declined to find that Gosar's was a public utility based solely on the language in Wyo. Stat. Ann. § 37-1-101(a)(vi) but, instead, held that Gosar's was a public utility because it provided a regulated utility commodity (water) "to or for the public" as that phrase has been defined in this Court's precedent.

[¶7]    This appeal followed, and more facts will be available hereinafter as necessary.

## STANDARD OF REVIEW

[¶8]    We review agency proceedings under the Wyoming Administrative Procedure Act to determine if they are supported by substantial evidence.  *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 24, 188 P.3d 554, 561 (Wyo. 2008).  Substantial evidence is relevant evidence that a "reasonable mind might accept in support of the agency's conclusion." *Camilleri v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 156, ¶ 14, 244 P.3d 52, 58 (Wyo. 2010).  Any questions of law are reviewed *de novo.  Id.* at 59.

## DISCUSSION

[¶9]    Gosar's contends on appeal that the PSC erroneously decided that Gosar's is a public utility subject to PSC regulation under Wyo. Stat. Ann. § 37-2-112.  Gosar's contends that it is not a public utility and argues that Wyoming Statutes should be interpreted in its favor because Gosar's never served the public with its water.  Instead, Gosar's argues that it only served private tenants in its own mobile home park.  For its part, the PSC argues that Gosar's does not look at the statutes closely enough, and that if examined properly, Wyoming Statutes define Gosar's as a public utility, subject to regulation under Wyoming law.

[¶10] In our evaluation of this case, we begin with the question of statutory interpretation.

> Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute.  Initially, we determine whether the statute is clear or ambiguous.
>
> > A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability.  Conversely, a statute is ambiguous if it is found to be vague or

2

uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

> [*Krenning v. Heart Mt. Irrigation Dist.,* 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009)], *quoting RK v. State ex rel. Natrona Cty. Child Support Enforcement Dep't,* 2008 WY 1, ¶ 10, 174 P.3d 166, 169 (Wyo. 2008). In interpreting a statute, we will not ignore other statutory provisions pertaining to the same subject but will, instead, consider all such provisions *in pari materia. Qwest Corp. v. Pub. Serv. Comm'n of Wyo.,* 2007 WY 97, ¶ 22, 161 P.3d 495, 501 (Wyo. 2007).

*Horse Creek Conservation Dist. v. State ex rel. Wyo. AG,* 2009 WY 143 ¶ 14, 221 P.3d 306, 312 (Wyo. 2009). "The commission shall have general and exclusive power to regulate and supervise every public utility within the state in accordance with the provisions of this act." Wyo. Stat. Ann. § 37-2-112 (LexisNexis 2013).

[¶11] The term "public utility" is defined in multiple subsections by Wyo. Stat. Ann. § 37-1-101.[1] To be a public utility, generally, each statutory subsection requires "any plant, property, or facility" be used to generate, manufacture, distribute, sell or furnish a utility commodity "to or for the public." Wyo. Stat. Ann. § 37-1-101(a)(VI)(A), (C)-(G) (LexisNexis 2011). Regarding water, the statute defines public utility as follows:

> (vi) "Public utility" means and includes every person that owns, operates, leases, controls or has power to operate, lease or control:
>
> . . . .
> (E) Any plant, property or facility for the supply, storage, distribution or furnishing to or for the public of water for manufacturing, municipal, agriculture or domestic uses except and excluding any such plant, property or facility owned by a municipality[.]

Wyo. Stat. Ann. § 37-1-101(a)(vi)(E) (LexisNexis 2013).

---

[1] Seven subsections exist. Subsection (B) had been repealed at the time of these proceedings before the PSC, and in 2012, subsections (A) and (F) were repealed. Wyo. Stat. Ann. §§ 37-1-101(a)(vi)(B) (repealed in 1995); 37-1-101(a)(vi)(A) and (F) (repealed in 2012).

[¶12]  Moving further down the statute, to subsection (H), the statute delineates six types of entities or specified activities that "none of the provisions of this chapter shall apply to, including (I) interstate commerce, (II) municipal utilities, and (III) farmers' mutual telephone associations with no capital stock who furnish telephone service only to members and without tolls except as specifically provided by law.  Clearly, the legislature's intent as to these activities and entities was to make them exempt from the definition of "public utilities" and thus, the jurisdiction of the PSC. Regarding water, however, subsection (H) continues:

> (H)  None of the provisions of this chapter shall apply to:
>
> . . . .
>
> (VI) … the generation, transmission, or distribution of electricity, or to the manufacture or distribution of gas, or to the furnishing or distribution of water, nor to the production, delivery or furnishing of steam or any other substance, by a producer or other person, for the sole use of a producer or other person, or for the use of tenants of a producer or other person and not for sale to others. ***Such exemptions shall not apply to metered or direct sales of a utility commodity by a producer or other person to his tenants.***

Wyo. Stat. Ann. § 37-1-101(a)(vi)(H)(VI) (LexisNexis 2013) (emphasis added). Subsection H sets out the exemption from the definition of a public utility, specifying that the "furnishing or distribution of [water by a person for the use of tenants of a person and not for sale to others]" is not a public utility under the provisions of Chapter 1 of Title 37. *Id.*  Thus, in general, when a person "furnishes or distributes" water to tenants, that person is not acting as a public utility.  However, subsection (H)(VI) ***then*** states that "Such exemptions ***shall not apply*** to metered or other direct sales of a utility commodity by a producer or other person to his tenants."  *Id.* (emphasis added).  In other words, when a person meters or directly sells the utility commodity to his tenants, the exemption does not apply.  The legislature has created, intentionally or not, an exception to the exemption under subsection (H).  From this reading, we conclude that the statute is explicit and states that the exception is not included in the exemption from the definition of a public utility; therefore, under the legislature's clear parameters, Gosar's is a public utility under the statute.

[¶13]  Gosar's disagrees, and compares this case to *Krenning v. Heart Mt. Irr. Dist.*, 200 P.3d 774, 781-82 (Wyo. 2009), where this Court held that the Heart Mountain Irrigation District was not a public utility.  However, as the PSC points out, there are significant differences between *Krenning* and this set of facts.  Fundamentally, there is a difference between an irrigation district and a private entity or person providing water service.  An

4

irrigation district, like in *Krenning*, is a governmental entity that does not provide water service to each person within its territorial boundary -- rather, being a landowner is a prerequisite to being included in the district and tenants, as non-landowners, are ***not*** members of an irrigation district. *See* Wyo. Stat. Ann. § 41-10-102 (LexisNexis 2013). Gosar's is not a governmental entity and does furnish water to every person within its operating territory -- the mobile home park. The record clearly states that Gosar's provides metered water to its tenants. If reading this statute as we are required by our precedent -- *in pari materia* -- we cannot avoid this result. If a person meters or directly sells a commodity utility, such as water, to his tenants, then according to the Wyoming Statutes, that person is a public utility.

*Equal Protection*

[¶14] Having determined that Gosar's is a public utility subject to regulation by the PSC, we move forward to consider Gosar's next argument that it has been treated differently from other similarly situated entities. This being an equal protection issue, we look to our established precedent:

> The principles of equal protection analysis are well established. *Greenwalt*, ¶ 39, 71 P.3d at 730-31. Claims of unconstitutional classification are analyzed under two levels of scrutiny. If the class is suspect or if a fundamental right is involved, a strict scrutiny standard is applied that requires a demonstration that the classification is necessary to achieve a compelling state interest. *In re Honeycutt*, 908 P.2d 976, 979 (Wyo. 1995); *Allhusen v. State by and through Wyo. Mental Health Professions Licensing Bd.*, 898 P.2d 878, 885 (Wyo. 1995); *Washakie County School Dist. No. One v. Herschler*, 606 P.2d 310, 333 (Wyo. 1980). If a suspect class or a fundamental right is not involved, a rational relationship test is used to determine if the classification has a rational relationship to a legitimate state interest. *Honeycutt*, 908 P.2d at 979 (citing *Meyer v. Kendig*, 641 P.2d 1235, 1239 (Wyo. 1982)). A party attacking the rationality of the legislative classification has the heavy burden of demonstrating the unconstitutionality of a statute beyond a reasonable doubt. *Greenwalt*, ¶ 30, 71 P.3d at 730 (citing *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315, 113 S. Ct. 2096, 2102, 124 L.Ed. 2d 211 (1993); *Small v. State*, 689 P.2d 420, 426 (Wyo. 1984); *Nehring v. Russell*, 582 P.2d 67, 74 (Wyo. 1978)).

*Newport Int'l Univ.*, *Inc. v. State*, 2008 WY 72, ¶ 16, 186 P.3d 382, 387 (Wyo. 2008).

[¶15]  Like the district court, we cannot conclude that Gosar's meets the heavy burden required to demonstrate that it is being treated differently than other similarly situated entities.  The evidence presented by Gosar's does not address how exactly individual mobile home parks handle the billing of their tenants.  This distinction is critical.  If the charge is passed through and included in rent, the entity is not a utility.  However, if the tenant is separately metered, the entity is a utility.  The PSC is "required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities.  The desires of the utility are secondary." *PacifiCorp v. Public Service Comm'n of Wyo.*, 2004 WY 164, ¶ 13, 103 P.3d 862, 867 (Wyo. 2004).

[¶16]  Lastly, and given our result, we likewise cannot conclude that the action of the PSC was arbitrary, capricious, an abuse of discretion contrary to the statute, or not supported by substantial evidence.

## CONCLUSION

[¶17]  The PSC's conclusion and the district court's order affirming that Gosar's is a public utility under Wyoming law is affirmed.